# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 20-cv-0158-WJM-SKC

YOURAS ZIANKOVICH,

    Plaintiff,

v.

MEMBERS OF THE COLORADO SUPREME COURT, each of them individually and in their official capacity, and
WILLIAM R. LUCERO, in his individual and official capacity,

    Defendants.

## ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiff Youras Ziankovich sues the individual members of the Colorado Supreme Court in their individual and official capacities and Presiding Disciplinary Judge William Lucero, also in his individual and official capacity (together, "Defendants"), for due process and equal protection violations. (ECF No. 1.) Ziankovich contends that the Colorado Supreme Court lacks jurisdiction to discipline him because its rules governing attorney practice exceed its authority under the Colorado Constitution and Colorado statutes to promulgate rules for the courts of record in Colorado. (*Id.* at 4.) He also argues that certain disciplinary rules are void for vagueness. (*Id.*)

Ziankovich filed a motion titled "Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued" (ECF No. 8) and a Memorandum of Law in Support (ECF No. 8-1) (together, the "Motion"). Ziankovich

"moves *ex parte* for a temporary restraining order and for an order to show cause why a preliminary injunction should not be granted pursuant to Rule 65(b)(1)." (ECF NO. 8 at 2.) The Motion asks for a temporary restraining order ("TRO") enjoining Defendants from prosecuting and sanctioning Plaintiff under certain Colorado Rules of Civil Procedure ("C.R.C.P.") or Colorado Rule of Professional Conduct ("Colo. RPC") 8.5(a).[1] (*Id.*) The Court denies the Motion for a TRO and the request for an order to show cause because Ziankovich has failed to show a likelihood of success on the merits.

The purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer," *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). To obtain a TRO, a party must satisfy the same elements it would need to satisfy for a preliminary injunction. *NRC Broad. Inc. v. Cool Radio, LLC*, 2009 WL 2965279, at *1 (D. Colo. Sept. 14, 2009). A party seeking a TRO or a preliminary injunction must show that "(1) he is substantially likely to succeed on the merits; (2) he will suffer irreparable injury if the injunction is denied; (3) his threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *Awad v. Ziriax*, 760 F.3d 1111, 1125 (10th Cir. 2012) (alterations incorporated). While Ziankovich need not show a "certainty of winning," he must nonetheless present at least a prima facie case. *Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1252 (10th Cir. 2016).

Article VI, Section 21 of the Colorado Constitution provides that the Colorado

---

[1] The Colorado Rules of Professional Conduct were promulgated as the Appendix to Chapters 18 to 20 of the C.R.C.P.

Supreme Court "shall make and promulgate rules governing the administration of all courts and shall make and promulgate rules governing practice and procedure in civil and criminal cases . . . ." Colorado Revised Statute § 13-2-108 grants the Colorado Supreme Court "power to prescribe, by general rules, for the courts of record in the state of Colorado the practice and procedure in civil actions and all forms in connection therewith. . . ." Colorado Revised Statute § 13-2-110 permits the Colorado Supreme Court to "institute rules of practice, and prescribe forms of process to be used, and regulations for the keeping of the records and proceedings of the court, not inconsistent with the constitution or law of this state." The Colorado Supreme Court, in turn, promulgates rules governing various aspects of court procedure and practice, including rules governing admission to the Colorado bar, procedures for attorney discipline, and rules of professional conduct. *See, e.g.*, C.R.C.P. §§ 201–227, 250–260.

The Colorado Supreme Court has held that "regulation of attorneys is within this court's exclusive domain," because Article VI of the Colorado Constitution grants it jurisdiction to "regulate and control the practice of law in Colorado." *Coffman v. Williamson*, 348 P.3d 929, 941 (Colo. 2015). In addition to regulating attorney admission, the Colorado Supreme Court "continually oversee[s] the practice of law to insure that the public obtains legal advice only from qualified and competent counsel. [It does] not hesitate to suspend or revoke the license of a lawyer who abuses the honor and privilege of practicing law in this state." *Unauthorized Practice of Law Comm. of Supreme Court of Colo. v. Grimes*, 654 P.2d 822, 824 (Colo. 1982).

Ziankovich argues that C.R.C.P. § 202.1, C.R.C.P. §§ 251.1–.34, and Colo. RPC 8.5(a) go beyond the scope of the Colorado Supreme Court's authority to

3

promulgate rules for the Colorado courts of record.  In doing so, he makes a textual argument that the Colorado Supreme Court may only make rules of practice and procedure for the Colorado courts of record, not for all attorneys practicing with the territorial boundaries of the state.  However, the Colorado Supreme Court's ability to "institute rules of practice" under Colo. Rev. Stat. § 13-2-110 is not limited to practice *in courts of record* in Colorado.  *Compare* Colo. Rev. Stat. § 13-2-110 *to id.* § 13-2-108 (granting the power to prescribe practice and procedure in civil actions "for the courts of record in the state of Colorado") *and id.* § 13-2-109 (granting power to determining the rules of pleading, practice, and procedure for criminal cases "in all courts of the state of Colorado").  Thus, it appears that the Colorado Supreme Court may "institute rules of practice" not limited Colorado courts, and "exercise[] jurisdiction over all matters involving the licensing and regulation of those persons who practice law in Colorado." C.R.C.P. § 202.1.

U.S. District Court Magistrate Judge Nina Y. Wang recently considered the precise question present here, namely, whether the Colorado rules of attorney discipline apply to an attorney who maintains an exclusive federal practice in Colorado and who is not a member of the Colorado bar.  *Ziankovich v. Large*, 2019 WL 4640803 (D. Colo. May 31, 2019) (report and recommendation).  Judge Wang concluded that the Colorado Supreme Court has "exclusive jurisdiction over attorneys and the authority to regulate, govern, and supervise the practice of law in Colorado to protect the public." *Id.* at *6.

Given the plain language of the statute and persuasive authority of the

*Ziankovich* decision of Judge Wang, the Court finds that Ziankovich has not shown a likelihood of success, let alone a substantial likelihood of success, on the merits of his claim that the C.R.C.P. and Colo. RPC exceed the scope of the Colorado Supreme Court's authority.

In addition, Ziankovich repeatedly states that C.R.C.P. § 202.1 is void for vagueness or "so vague that [it] permits different interpretations." (ECF No. 8-1 at 3, 8–9.)  He does not, however, explain the competing interpretations of the rule, or argue why the void-for-vagueness doctrine should apply to the rule.  Accordingly, Ziankovich has not shown a likelihood of success on the merits of his void-for-vagueness claim.

Without prejudging the issues, the Court finds that Ziankovich has failed to establish a substantial likelihood of success on the merits of his claims, and thus is not entitled to a TRO or an order to show cause why a preliminary injunction should not issue.  Accordingly, the Court DENIES Ziankovich's Motion (ECF No. 8).  His claims remain pending before this Court for adjudication in the normal course.

Dated this 13th day of February, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge