**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-0158-WJM-SKC

YOURAS ZIANKOVICH,

    Plaintiff,

v.

MEMBERS OF THE COLORADO SUPREME COURT, each of them individually and in their official capacity, and
WILLIAM R. LUCERO, in his individual and official capacity,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on the "Second Application For Temporary Restraining Order and Motion for [*sic*] Reconsider the Previous Order" (the "Motion"), filed by Plaintiff Youras Ziankovich. (ECF No. 12.) For the following reasons, the Motion is denied.

### I. BACKGROUND

Ziankovich is an attorney licensed by the State of New York who "maintained an office in Colorado for federal law practice" from August 2014 to September 2018. (*Id.* at 5.) On May 26, 2017, Ziankovich faced a disciplinary action in Colorado. (*Id.* at 5.)

On January 19, 2020, Ziankovich initiated this action against the members of the Colorado Supreme Court in their individual and official capacities, and against Colorado's Presiding Disciplinary Judge, William Lucero, in his individual and official capacity (together, "Defendants"). (ECF No. 1.) Ziankovich contends that the Colorado

Supreme Court lacks jurisdiction to discipline him because its rules governing attorney practice exceed its authority under the Colorado Constitution and Colorado statutes to promulgate rules for the courts of record in Colorado and are void for vagueness. (*Id.* at 4.) He also argues that various orders issued by the Defendants are arbitrary, capricious, constitute abuses of discretion, and violate the First, Fifth and Fourteenth Amendments, federal and state law. (*Id.*)

On February 10, 2020, Ziankovich filed an motion for a temporary restraining order ("TRO") enjoining Defendants from prosecuting and sanctioning Plaintiff under certain Colorado Rules of Civil Procedure ("C.R.C.P.") or Colorado Rule of Professional Conduct ("Colo. RPC") 8.5(a). (ECF No. 8.) On February 13, 2020, the Court denied Plaintiff's Motion for a TRO. ("Prior Order"; ECF No. 11.) After carefully analyzing Ziankovich's arguments, the Court determined the following:

> Given the plain language of the statute and persuasive authority of the *Ziankovich* decision of Judge Wang, the Court finds that Ziankovich has not shown a likelihood of success, let alone a substantial likelihood of success, on the merits of his claim that the C.R.C.P. and Colo. RPC exceed the scope of the Colorado Supreme Court's authority.

(*Id.* at 4–5).

The very next day, on February 14, 2020, Ziankovich filed a new motion titled "Plaintiff's Second Application for Temporary Restraining Order and Motion for [*sic*] Reconsider The Previous Order." (ECF No. 12.) In this Motion, Ziankovich again asks the Court to enjoin Defendants from prosecuting and sanctioning Plaintiff under the C.R.C.P. and Colo. RPC, and to reconsider its Prior Order denying the TRO "due to clear error." (*Id.* at 1.)

## II. DISCUSSION

Although Ziankovich labels his motion as "Plaintiff's Second Application for Temporary Restraining Order and Motion for [*sic*] Reconsider the Previous Order," it is, in essence, only a motion for reconsideration. The Court, therefore, will analyze the motion pursuant to the law applicable to such motions.

Where, as here, final judgment has not been entered, a trial court retains the power under Federal Rule of Civil Procedure 54(b) to reconsider and modify its interlocutory orders. *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991). In this circuit, grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

However, a motion to reconsider is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996); *see National Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) ("A motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence."(internal quotation marks omitted)). Absent extraordinary circumstances, arguments that could have been raised in the original briefing may not be made in a motion for reconsideration. *See Does*, 204 F.3d at 1012. Because the

conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

In this Motion, Ziankovich does not claim there has been any intervening change in the controlling law, nor does he come forward with any new evidence previously unavailable to him at the time he filed his first application for a TRO. Instead, all of the arguments and contentions set forth in the Motion were available to Ziankovich previously and were fully considered and addressed by the Court in its Prior Order. Moreover, Ziankovich has failed to show that the Court fundamentally misunderstood any of his arguments, or that the Prior Order was so clearly erroneous that he would suffer a manifest injustice without the reconsidered relief requested in the Motion. Because Ziankovich has not shown that there was an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice, Plaintiff's Motion must be denied.

The Court notes that this is Ziankovich's sixth attempt to obtain a TRO or preliminary injunction in connection with his state attorney discipline proceeding.[1] These motions—which continue to advance arguments that have already been rejected—serve only to congest the Court docket and waste resources. Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the

---

[1] In addition to his first application for a TRO filed in this action, Ziankovich filed four applications for a TRO in *Ziankovich v. Large*, No. 17-cv-02039-CMA-NYW (D. Colo.) (ECF Nos. 5-1, 14, 39, 48).

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1203 (10th Cir. 2008) ("Where, 'pure heart' notwithstanding, an attorney's momentarily 'empty head' results in an objectively vexatious and unreasonable multiplication of proceedings at expense to his opponent, the court may hold the attorney personally responsible.").

Similarly, Rule 11(b) of the Federal Rules of Civil Procedure requires a party who signs a pleading filed with the court to certify that, to the best of that person's knowledge, the legal contentions made therein "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," and that the filing "is not being presented for any improper purpose." If the Court determines that Rule 11(b) has been violated, the Court may impose an appropriate sanction upon the responsible party. *See* Fed. R. Civ. P. 11(c).

**Plaintiff is hereby on notice that if he files further motions which lack legal or factual justification, he may be subject to personal monetary sanctions.**

For the reasons set forth above, Plaintiff Ziankovich's Second Application for Temporary Restraining Order and Motion For Reconsider The Previous Order is DENIED.

Dated this 27th day of May, 2020.

BY THE COURT:

_____
William J. Martínez
United States District Judge