**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-0158-WJM-SKC

YOURAS ZIANKOVICH,

    Plaintiff,

v.

MEMBERS OF THE COLORADO SUPREME COURT, each of them individually and in their official capacity, and
WILLIAM R. LUCERO, in his individual and official capacity,

    Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

---

Plaintiff Youras Ziankovich ("Ziankovich") brings the following claims against the Members of the Colorado Supreme Court, each individually and in their official capacities, and Colorado's Presiding Disciplinary Judge, William R. Lucero, in his individual and official capacity (collectively "Defendants"):

Before the Court are the following motions:

1. Defendants' Motion to Dismiss ("Motion to Dismiss"), filed on April 2, 2020 (ECF No. 21);

2. Plaintiff's Cross-Motion to Strike Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.Proc.12(f) ("Plaintiff's Cross Motion"), filed on April 22, 2020 (ECF No. 22); and

3. Plaintiff's Application for Preliminary Injunction and for Evidentiary Hearing ("Preliminary Injunction Motion"), filed on July 2, 2020 (ECF No. 41).

For the reasons set forth below, the Court grants Defendants' Motion to Dismiss, denies Plaintiff's Cross-Motion, denies as moot Plaintiff's Preliminary Injunction Motion, and dismisses the Verified Complaint[1] ("Complaint"; ECF No. 1) with prejudice.

## I. BACKGROUND

The following factual summary is drawn from Ziankovich's Complaint and the exhibits appended thereto, except where otherwise stated.  The Court assumes the allegations contained in the Complaint to be true for the purpose of deciding the Motion to Dismiss.  *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Ziankovich is an attorney licensed to practice law by the State of New York who "maintained an office in Colorado for federal law practice" from August 2014 to September 2018.  (ECF No. 1 at 5.)  On May 26, 2017, Ziankovich faced a disciplinary action ("Disciplinary Action") in Colorado.  (*Id.*)

Ziankovich moved to dismiss the Disciplinary Action on June 2, 2017, arguing that the Colorado Supreme Court lacked "jurisdiction to discipline him under the Colorado Rules of Professional Conduct ['Colo. RPC'] because he is not practicing law in Colorado under one of the enumerated provisions of [Colorado Rules of Civil Procedure ('C.R.C.P.')] 204 or 205 and his law practice is limited to federal immigration cases."  (ECF No. 1-1 at 1.)  On July 13, 2017, Judge William R. Lucero, as the Presiding Disciplinary Judge, denied Ziankovich's motion to dismiss the Disciplinary Action on the grounds that the Office of the Presiding Disciplinary Judge of the

---

[1] Contrary to the name of this document, Plaintiff did not attach a verification to his Complaint.

Colorado Supreme Court had jurisdiction over Ziankovich and could adjudicate the claims brought against him. (*Id.* at 3–6; ECF No. 1 at 5.)

Ziankovich filed an interlocutory appeal of Judge Lucero's order to the Colorado Supreme Court on July 19, 2017. (ECF. No. 1-2 at 1.) The Colorado Supreme Court dismissed the interlocutory appeal on or about August 31, 2017.[2] (ECF No. 1 at 5.)

Thereafter, the Office of Attorney Regulation Counsel ("OARC") filed a motion for summary judgment on their claims against Ziankovich. On April 5, 2018, Judge Lucero granted the OARC's motion for summary judgment in part, and entered judgment in favor of the OARC and against Ziankovich on six claims: violations of Colo. RPC 1.5(a), 1.5(f), 1.5(g), 1.15A(a), 1.16(d), and 8.4(c). (ECF No. 1-3 at 1.)

On April 10, 2018, Ziankovich proceeded to a disciplinary hearing to determine whether he had violated Colo. RPC 1.4(b). (*Id.*) Ziankovich again moved to dismiss the case for a lack of subject matter jurisdiction and personal jurisdiction. (*Id.* at 3–4.) His motion was denied. (*Id.*)

On May 31, 2018, Judge Lucero issued his Opinion and Decision Imposing Sanctions Under C.R.C.P. 251.19(b), finding that Ziankovich breached six ethical rules and suspending Ziankovich from practicing law in Colorado for one year and one day, with three months to be served and the remainder to be stayed upon the successful completion of a two-year period of probation, with conditions to include practice monitoring and trust account monitoring. (*Id.* at 1.)

---

[2] The Order and Decision Imposing Sanctions dated May 31, 2018 states that the Colorado Supreme Court dismissed Ziankovich's appeal on August 21, 2017. (ECF No. 1-2 at 2.) The exact date does not affect the outcome of this order.

Ziankovich then sought post-hearing relief under C.R.C.P. 59 "based on nineteen separate grounds that [the Hearing Board] grant a new trial, grant judgment notwithstanding the verdict, or amend [its] findings or judgment." (*Id.* at 1–2.) On June 20, 2018, Judge Lucero issued an Amended Order granting in part and denying in part Ziankovich's request. (*Id.* at 11.) The Hearing Board decided to strike two sentences from its opinion, but otherwise denied Ziankovich's other requests for relief, including his argument that the Colorado Supreme Court does not have the authority to regulate the practice of out-of-state attorneys in Colorado. (*Id.* at 3–4, 11.)

The Hearing Board stayed the imposition of the sanctions pending Ziankovich's appeal pursuant to C.R.C.P. 251.27(h), provided that he submit to certain conditions, including practice monitoring. (ECF No. 1-5 at 1.) Ziankovich then filed an Application for a Stay of the Decision Pending Appeal with the Colorado Supreme Court. (ECF No. 1-4 at 2.) On August 31, 2018, the Colorado Supreme Court denied his request, but left in place the Hearing Board's stay imposing conditions under C.R.C.P. 251.27(h). (*Id.*)

On October 10, 2018, the Hearing Board found that Ziankovich had failed to comply with the practice monitoring condition included in the stay of its decision, and found that the stay pending appeal should be revoked. (ECF No. 1-5 at 1.) In an Order and Notice of Suspension, Judge Lucero suspended Ziankovich "from practicing law in [Colorado] for one year and one day, with three months to be served and the remainder to be stayed upon the successful completion of a two-year period of probation." (*Id.*) The order further required Ziankovich to "file an affidavit with the Court setting forth pending matters and attesting, *inter alia*, to notification of clients or other jurisdictions

where attorney is licensed." (*Id.*)  The Colorado Supreme Court affirmed the order of the Hearing Board on February 1, 2019.  (ECF No. 1-6 at 2.)

On January 19, 2020, Ziankovich brought this action against Defendants.  (ECF No. 1.)  He contends that the Colorado Supreme Court lacks jurisdiction to discipline him because its rules governing attorney practice exceed its authority under the Colorado Constitution and Colorado statutes to promulgate rules for the courts of record in Colorado and are void for vagueness.  (*Id.* at 8.)  He also argues that each of the aforementioned orders issued by the Defendants were "arbitrary, capricious, constitutes abuse of discretion, and/or violates First, Fifth and Fourteenth Amendments to the U.S. Constitution, federal and state law." (*Id.* at 3–8.)

He brings the following causes of action:

- that the members of the Colorado Supreme Court acted in a "non-judicial capacity" by promulgating "new law" which goes beyond that Court's authority to promulgate new law and regulations for Colorado courts of record and to "regulate practice outside of the Colorado courts of record," and are void for vagueness ("Claim 1");

- that Judge Lucero acted in "violation of due process and his limited authority as a state official under color of state law" to use "said new law including but not limited to C.R.C.P. 202.1 and Colo. RPC 8.5(a)," to illegally deprive Plaintiff of his rights and privileges guaranteed by the U.S. Constitution and federal law ("Claim 2");

- that each of the Defendants deprived Plaintiff of (1) equal protection under the Fourteenth Amendment; (2) his property without due process in violation of the First, Fifth, and Fourteenth Amendments; (3) his right to work guaranteed by Ninth Amendment without due process; (4) "legality and fair procedure" in violation of the Fourteenth Amendment; and (5) freedom of speech in violation of the First Amendment ("Claim 3");

- that as a result of the Defendants' "illegal activity," Plaintiff was required to exert at least 300 billable hours of his professional activity to "protect himself as an attorney of record" ("Claim 4");

- that as a result of the Defendants' "illegal activity," Plaintiff was required to exert at least 100 billable hours of his professional activity in a reciprocal discipline action before the Board of Immigration Appeals ("Claim 5");

- that as a result of the Defendants' "illegal activity" and being suspended from practicing before the U.S. District Court for the District of Colorado, Plaintiff has suffered "economic damages in [the] form of los[t] profit[s], los[t] business, and other direct and indirect losses" totaling "not less than $10,000" ("Claim 6");

- that as a result of the Defendants' "illegal activity" and being suspended from practicing before the Board of Immigration Appeals, U.S. Immigration Courts, and U.S. Department of Homeland Security, Plaintiff has suffered "economic damages in [the] form of los[t] profit[s], los[t] business, and other direct and indirect losses" totaling "not less than $100,000" ("Claim 7"); and

- that as a result of the Defendants' "illegal activity," Plaintiff was required to exert at least 50 billable hours of his professional activity in a reciprocal discipline action before the New York Supreme Court, First Appellate Division ("Claim 8").

(ECF No. 1 at 8–11.) He also requests injunctive relief "commanding" Defendants to (1) "repeal and/or cease to use C.R.C.P. 202.1 and/or Colo. RPC 8.5(a) as a jurisdictional basis for the state discipline proceedings against out-of-state attorneys never admitted or otherwise prohibited to practice federal law;" and (2) "invalidate each and every order, notice, and/or opinion of sanctions issued against Plaintiff in the disciplinary proceeding based on C.R.C.P. 202.1 and/or Colo. RPC 8.5(a) jurisdiction." (*Id.* at 11–12.)

On April 2, 2020, Defendants filed their Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF No. 21.)  On April 22, 2020, Plaintiff filed his "Opposition to Defendants' Motion to Dismiss and Cross-Motion to Strike Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.Proc. 12(f)."  (ECF No. 22.)  Defendants then filed their reply in support of their Motion to Dismiss on May 6, 2020 (ECF No. 23) and their Response to Plaintiffs' Cross Motion on May 7, 2020 (ECF No. 24).

On July 2, 2020, Plaintiff filed an Application for Preliminary Injunction and for Evidentiary Hearing.  (ECF No. 41.)  Defendants responded on July 17, 2020.  (ECF No. 44.)

## II.  MOTION TO DISMISS

**A.      Legal Standards**

1.      Federal Rule of Civil Procedure 12(b)(1)

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear.  See U.S. Const. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994).  Statutes conferring jurisdiction on federal courts must be construed strictly.  See *F&S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction."  *Groundhog v. Keeler*, 442

F.2d 674, 677 (10th Cir. 1971). A party challenging the Court's jurisdiction may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *See id.* A court has wide discretion to allow affidavits, other documents, and may conduct a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). *See id.*

        2.       <u>Federal Rule of Civil Procedure 12(b)(6)</u>

Under Rule 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." A "court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted).

The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177. Thus, in ruling on a motion to dismiss under Rule 12(b)(6), the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir.

2001) ("[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint.").

Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). However, "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[C]omplaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' . . . 'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

**B.  Analysis**

    1.  <u>Subject Matter Jurisdiction</u>

Defendants argue that the Court does not have subject matter jurisdiction over this case for two reasons: (1) the Eleventh Amendment bars the claims brought against the Defendants in their official capacities; (2) the Court lacks jurisdiction as a result of Ziankovich's state disciplinary action. The Court will consider each argument below.

      a.    *Eleventh Amendment*

Defendants claim that the Eleventh Amendment bars Ziankovich's official-capacity claims against the members of the Colorado Supreme Court and Judge Lucero. (ECF No. 21 at 4–5.)

With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1231–32 (10th Cir.1999) (citation omitted). To assert Eleventh Amendment immunity, a defendant must qualify as a state or an "arm" of a state. *Id.* at 1232 (citation omitted). "It is well-established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overruled on other grounds by Pittman v. Am. Airlines, Inc.*, 692 F. App'x 549 (10th Cir. 2017). Colorado has not waived its Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044–45 (10th Cir. 1988) (per curiam). Furthermore, congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195–96 (10th Cir. 1998).

The Tenth Circuit has affirmed dismissal of claims for damages against attorney disciplinary boards as barred by the Eleventh Amendment. *See Guttman v. Widman*, 188 F. App'x 691, 696 (10th Cir. 2006) (finding the Eleventh Amendment bars claims for damages against the New Mexico Disciplinary Board and individual state defendants

in their official capacities); *see also Harper v. Office of Attorney Regulation*, 2014 WL 5801173, at *2 (D. Colo. Nov. 7, 2014) (finding Eleventh Amendment bars claims against the Colorado Supreme Court, Office of the Presiding Disciplinary Judge, and OARC); *Verner v. State of Colo.*, 533 F. Supp. 1109, 1114 (D. Colo. 1982) (finding § 1983 claims against the Colorado Supreme Court are barred by the Eleventh Amendment).

Ziankovich does not contest that his claims against Defendants in their official-capacities are barred by the Eleventh Amendment. In fact, he explicitly abandons his official capacity claims in his response to Defendants' Motion:

> Defendants raised a Rule 12(b)(1) defense about lack of subject matter jurisdiction, because, according to the Motion (Page 4), Plaintiff sues Defendants for acts made in their judicial capacity. Such statement clear[ly] contradicts [] the facts and [] the Complaint, where it is stated that Defendants are subject to this lawsuit for action(s) in non-judicial capacity.

(ECF No. 22 at 5.) Contrary to this assertion, however, the caption to this action states that Ziankovich is suing each of the Defendants "individually and *in their official capacit[ies]*." (ECF No. 1 at 1 (emphasis added).)

In his allegations in the Complaint or his arguments in the response, Ziankovich has not overcome the Defendants' Eleventh Amendment immunity defense, nor has he come within any exception to its jurisdictional bar. Accordingly, his claims against the Members of the Colorado Supreme Court and Judge Lucero in their official capacities are barred by Eleventh Amendment immunity and are dismissed for lack of subject

matter jurisdiction.[3]

     b.  *Effect of Ziankovich's State Disciplinary Action*

To the extent that Ziankovich is asking this Court to second-guess either Judge Lucero's orders or the opinions of the Colorado Supreme Court affirming the disciplinary sanctions against Ziankovich, Defendants argue that the Court lacks subject matter jurisdiction to consider those claims under the *Rooker-Feldman* doctrine. (ECF No. 21 at 6–7.)

The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam; internal quotation marks omitted). The doctrine also "bars any 'action in federal court that alleges an injury 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision.'" *Wideman v. Colo.*, 242 F. App'x 611, 613–14 (10th Cir. 2007); *Varallo v. Sup. Ct. of Colo.*, 1999 WL 140161, at *1 (10th Cir. 1999) ("The *Rooker-Feldman* doctrine bars consideration not only of issues actually presented to and decided by a state court, but also bars consideration of constitutional claims that

---

[3] Ziankovich does not argue that his requests for injunctive relief are requests for prospective relief that survive the Eleventh Amendment bar to his official capacity claims. At any rate, the Court finds that the requested injunctive relief—that the Court command Defendants to repeal portions of the C.R.C.P. and Colo. RPC and to invalidate every order issued against Ziankovich in the disciplinary proceeding—actually seeks relief from the prior disciplinary sanctions. As such, these claims fall within the Eleventh Amendment bar. *See, e.g.*, *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (recognizing that the Eleventh Amendment for prospective relief does not permit judgments against state officers declaring that they violated federal law in the past).

are 'inextricably intertwined' with issues ruled upon by a state court.") (internal quotation marks omitted).

Moreover, the *Rooker-Feldman* doctrine bars a plaintiff from challenging his disciplinary proceeding in federal court. *See In re Smith*, 287 F. App'x 683, 685 (10th Cir. 2008) (holding *Rooker-Feldman* doctrine precludes challenge to attorney's disbarment and recognizing that the doctrine applies even when "the state court is alleged to have acted without jurisdiction"); *Varallo*, 1999 WL 140161, at *2; *Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) (recognizing that "the *Rooker-Feldman* doctrine eliminates most avenues of attack on attorney discipline"). A plaintiff who wants to challenge his attorney discipline must instead take his claims from the Colorado Supreme Court to the U.S. Supreme Court. *See id.*

In his response, Ziankovich argues this Court nonetheless maintains subject matter jurisdiction over this lawsuit because

> this action is not about a disciplinary proceeding, but about a violation of the limited authority of Defendants under the Colorado Constitution, as well as about violation of Plaintiff's rights under First, Fifth, Ninth and Fourteenth Amendments to the U.S. Constitution, which constitutes violation of 28 U.S. Code § 1983. The discipline proceeding serves as a vehicle of such violations, however Defendants acted without legal authority at least since promulgating the [C.R.C.P.] . . . .

(ECF No. 22 at 5.)

Despite Ziankovich's insistence that this action is not about his disciplinary proceeding, the Complaint plainly shows otherwise, as it clearly alleges that his disbarment is the source of his injuries. Ziankovich requests injunctive relief

13

commanding Defendants to "invalidate each and every order, notice, and/or opinion of sanctions issued against Plaintiff in the disciplinary proceeding based on C.R.C.P. 202.1 and/or Colo. RPC 8.5(a) jurisdiction." (ECF No. 1 at 11–12.) Moreover, this Court could not review his constitutional claims and grant relief without effectively reviewing and reversing the orders and opinions of Judge Lucero and the Colorado Supreme Court. Unless Ziankovich's state court disbarment is reversed, his interest in the constitutionality of the attorney disciplinary procedures is merely hypothetical. *See Levin v. Attorney Registration & Disciplinary Comm'n of the Sup. Ct. of Ill.*, 74 F.3d 763, 767–68 (7th Cir. 1996) (explaining that if plaintiff's disbarment stands, he would lack the personal stake needed for an independent constitutional attack of the state's disciplinary rules regarding disbarment).

Accordingly, the Court finds that Ziankovich's claims that the Defendants violated his constitutional rights in both promulgating Rules of Professional Conduct and Colorado Rules of Civil Procedure, as well as applying said rules to Ziankovich's disciplinary proceeding, are inextricably intertwined with his state court judgment. *See, e.g.*, *Varallo*, 1999 WL 140161, at *2. Thus, the Court lacks subject matter jurisdiction over Ziankovich's claims under the *Rooker-Feldman* doctrine.[4]

---

[4] It appears that the Ziankovich's disciplinary proceeding is now final. After the Colorado Supreme Court denied Ziankovich's appeal and affirmed the Hearing Board's decision (*see* ECF No. 1-5), Ziankovich filed a writ of certiorari with the U.S. Supreme Court, *see Ziankovich v. Colo.*, 140 S. Ct. 133 (Oct. 7, 2019), which was denied. However, even if there is some aspect of his disciplinary action that is not yet final, the Court would lack subject matter under *Younger v. Harris*, 401 U.S. 37, 40–41 (1971) (recognizing that it improper for a federal court to grant declaratory relief as to validity of statute when prosecution involving such statute is pending in state court at time federal suit is initiated).

2. <u>Failure to State a Claim</u>

Even assuming that the Court has subject matter jurisdiction here, Ziankvoich's claims must still be dismissed because he has failed to state a claim upon which relief can be granted.

a. *Judicial Immunity*

Judges are immune from liability for judicial acts taken within the jurisdiction of their courts. In *Bradley v. Fisher*, 80 U.S. 335 (1871), the Supreme Court recognized that judges are not liable in civil actions for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* at 336; *see Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (recognizing that a judge is entitled to judicial immunity if he has not acted in clear absence of all jurisdiction and if the act was a judicial one).

Ziankovich argues that the Defendants should not have afforded judicial immunity because "there is no immunity available when the judge acts in complete absence of his jurisdiction." (ECF No. 22 at 7.) Ziankovich fails, however, to plausibly state facts supporting his argument that the Defendants' orders and opinions constitute actions taken in "clear absence" of Defendants' judicial capacities. Instead, he merely provides conclusory allegations without supporting factual averments, which are insufficient to state a claim upon which relief can be based. *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."). For example, Ziankovich repeatedly alleges that Defendants violated his constitutional rights when they issued orders and opinions in his Disciplinary Action (ECF No. 1 at

15

5–9; ECF No. 22 at 7), but he cites no facts explaining how or why Defendants were acting outside of their judicial capacities at the time.

          b.    *Legislative Immunity*

Defendants also argue that they are protected by legislative immunity when the Colorado Supreme Court acts in a legislative capacity. (ECF No. 21 at 10.) The Colorado Legislature has delegated to the Colorado Supreme Court the power to promulgate practice rules and procedure for attorneys within the state. *See* Colo. Rev. Stat. § 13-2-108 ("The supreme court has the power to prescribe, by general rules, for the courts of record in the state of Colorado the practice and procedure in civil actions and all forms in connection therewith."). As a result, it is well established that the Colorado Supreme Court "has exclusive jurisdiction over attorneys and the authority to regulate, govern, and supervise the practice of law in Colorado to protect the public." *In re Wollrab*, 420 P.3d 960, 964 (Colo. 2018); *People v. Shell*, 148 P.3d 162, 174–75 (Colo. 2006) (Court's authority to regulate applies to all courts in Colorado, including federal courts).

In promulgating disciplinary rules, Colo. RPC, and/or C.R.C.P., the Court finds that the members of the Colorado Supreme Court are protected by legislative immunity. *See Sup. Ct. of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 734 (1980) (Because the Supreme Court of Virginia has inherent power to regulate the Virginia Bar, it is "exercising the State's entire legislative power with respect to regulating the Bar" and is "immune from suit when acting in their legislative capacity."). Ziankovich has not pleaded any facts that would allow the Court to conclude that legislative immunity should not apply in this case. For example, he alleges that the members of the

Colorado Supreme Court acted "in a non-judicial capacity" when they "prepared and adopted" provisions in the C.R.C.P. and Colo. RPC (ECF No. 1 at 4; ECF No. 22 at 5), but he does not add any factual allegations that would support his conclusion that they were acting outside of their legislative or judicial capacity at the time.

Because the doctrines of judicial immunity and legislative immunity apply to Defendants' actions in this case, the Court finds that Ziankovich has failed to state any claim upon which relief can be granted.[5]

        c.     *Whether to Dismiss With or Without Prejudice*

Finally, the Court addresses whether dismissal of Ziankovich's claims should be with or without prejudice. Because the conduct underlying this action relates to Defendants' inherent power to regulate and adjudicate attorney conduct within Colorado, it would be futile to allow Ziankovich another opportunity to plead plausible claims that would not be barred by either judicial or legislative immunity. Accordingly, the Court finds it is appropriate to dismiss Ziankovich's claims with prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## IV. PLAINTIFF'S CROSS-MOTION

Within his response to Defendants' Motion to Dismiss, Plaintiff filed a Cross-

---

[5] In their Motion to Dismiss, Defendants argue that the Complaint is deficient for three additional reasons: (1) Ziankovich's claims are barred by the doctrine of issue preclusion; (2) his claims are barred by the applicable statute of limitations; and (3) he has failed to state an equal protection claim. (ECF No. 21 at 7–12.) Because the Court finds that dismissal is appropriate because Defendants have judicial and legislative immunity, the Court need not address Defendants' remaining arguments.

Motion to Strike Defendants' Motion to Dismiss on the basis that the Motion to Dismiss is "deficient by its nature, fails to comply with Fed.R.Civ.Proc. and/or local rules of this Court and this Part, is insufficient, redundant, immaterial, impertinent, scandalous, goals to delay resolution of this case, and to prejudice against [*sic*] Plaintiff." (ECF No. 22 at 2.)

Both the District of Colorado Local Rules and the Court's Revised Practice Standards require a motion to be filed as a separate document. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall be filed as a separate document."); WJM Revised Practice Standard III.B. ("All requests for the Court to take any action, make any type of ruling, or provide any type of relief must be contained in a **separate**, written motion.") (emphasis in original). Thus, Court finds that Plaintiff's Cross-Motion should be stricken for failing to comply with these requirements.

## V.  PRELIMINARY INJUNCTION MOTION

Because the Complaint must be dismissed for lack of subject matter jurisdiction and failure to state a claim, the Court finds that Plaintiff's Preliminary Injunction Motion should be dismissed as moot.

## IV.  CONCLUSION

For the reasons set forth above, it is ORDERED that:

1. Defendants' Motion to Dismiss (ECF No. 21) is GRANTED;
2. Plaintiff's Cross-Motion to Strike Defendants' Motion to Dismiss (ECF No. 22) is STRICKEN;
3. Plaintiff's Application for Preliminary Injunction and for Evidentiary Hearing (ECF No. 41) is DENIED AS MOOT;

4.   Plaintiff's claims, and this action, are DISMISSED WITH PREJUDICE;

5.   The Clerk shall enter judgment in favor of Defendants and against Plaintiff and shall terminate this case; and

6.   Defendants shall have their costs, if any, upon compliance with D.C.COLO.LCivR 54.1.

Dated this 6th day of August, 2020.

BY THE COURT:

William J. Martínez
United States District Judge